FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 26, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STACY ST. CLAIR,<br><br>Plaintiff,<br><br>v.<br><br>MONDEE, INC. a foreign profit corporation; TABHI PURCHASER, LLC (f/k/a MONDEE PURCHASER, LLC), a foreign limited liability company; and TABHI INC., a foreign profit corporation,<br><br>Defendants. | No. 2:26-CV-00344-RLP<br><br>ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE |

Before the Court is Defendants Tabhi Purchaser, LLC and Tabhi Inc.'s (Tabhi Defendants) Motion to Transfer Venue, ECF No. 9. Plaintiff Stacy St. Clair opposes the motion, ECF No. 10. The Tabhi Defendants filed a reply, ECF No. 11, and Plaintiff St. Clair filed a sur-reply, ECF No. 14-1. Also pending are Defendants' Motion for Extension of Time to File Answer, ECF No. 5, and Motion to Dismiss for Failure to State a Claim, ECF No. 8. After review of the parties'

submissions and the record, the Court is fully informed. For the reasons discussed below, the motion to transfer venue is granted, and the remaining motions are denied as moot.

## Background

Plaintiff Stacy St. Clair filed this action in Chelan County Superior Court alleging Defendant Mondee, Inc. wrongfully terminated her employment in Wenatchee, Washington after she opposed and refused to participate in certain airline ticket-markup practices. *See* ECF No. 1-2 at 2-5. On May 10, 2024, Plaintiff obtained an order of default against Mondee. *Id.* at 6.

After Plaintiff St. Clair commenced the action, Mondee Holdings, Inc. and affiliated debtors, including Mondee, filed petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. *See id.* at 5; ECF No. 8-1 at 6. On March 27, 2025, the Bankruptcy Court approved the sale of substantially all of the debtors' assets to Tabhi Purchaser, LLC, and the sale closed on April 4, 2025. *See* ECF No. 1-2 at 5; ECF No. 8-1 at 2-3.

The Bankruptcy Court's Sale Order includes findings concerning the nature and effect of the sale. *See* ECF No. 8-1 at 4-39. Relevant here, the Bankruptcy Court found, to the greatest extent allowable by applicable law, that the purchaser was not a continuation or successor of the debtors and that the transaction did not

constitute a merger or de facto merger. ECF No. 8-1 at 14-15. The Bankruptcy Court also found the consideration provided for the sale constituted reasonably equivalent value and fair consideration, and neither the debtors nor the purchaser entered into the transaction with fraudulent intent or an otherwise improper purpose. *Id.* at 14. The Sale Order further provides that the Bankruptcy Court retained jurisdiction to interpret, implement, and enforce the Sale Order and to adjudicate disputes concerning or relating to the sale. *Id.* at 39.

The Chapter 11 cases were dismissed on June 2, 2025. *In re MH Wind Down Co., Inc.*, No. 25-10047 (JKS) (Bankr. D. Del.), Bankr. Dkt. 702 at 2. The dismissal order preserved prior orders, including the Sale Order, and retained jurisdiction concerning their implementation, interpretation, and enforcement. *Id.* at 2-3, 6.

Plaintiff St. Clair later filed a First Amended Verified Complaint naming Tabhi Purchaser, LLC and Tabhi Inc. as defendants. ECF No. 1-2 at 2. She alleges the Tabhi Defendants are liable for Mondee's obligations under theories of wrongful discharge, fraudulent transfer, mere continuation, and de facto merger. ECF No. 1-2 at 7-9. Plaintiff St. Clair also alleges she received no notice of the bankruptcy case, the asset sale, any claims bar date, or plan confirmation and did not participate in the bankruptcy proceedings. *Id.* at 7.

On August 12, 2026, Defendants removed Plaintiff St. Clair's claims against the Tabhi Defendants to this Court pursuant to 28 U.S.C. § 1452, asserting those claims arise in or relate to Mondee's bankruptcy proceeding. ECF No. 1. The Tabhi Defendants later moved to dismiss Plaintiff St. Clair's claims based on the Sale Order, ECF No. 8, and represent they separately moved in the Delaware Bankruptcy Court to enforce the Sale Order against Plaintiff St. Clair. ECF No. 9 at 11; ECF No. 11 at 3.

The Tabhi Defendants now move to transfer the removed claims to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1412. ECF No. 9.

## LEGAL STANDARD

28 U.S.C. § 1412 provides "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." Because those grounds are stated in the disjunctive, transfer may be warranted if either is satisfied. *See Hightman v. FCA US LLC*, No. 3:18-cv-02205-BEN-KSC, 2019 WL 3780272, at *4 (S.D. Cal. Aug. 12, 2019). The party seeking transfer bears the burden of establishing by a preponderance of the evidence that transfer is warranted. *In re Manville Forest Prods. Corp.*, 896 F.2d 1384, 1390 (2d Cir. 1990). The interest of justice inquiry is broad and flexible and must be applied on a case-by-case basis. *Id.* at 1391.

As Plaintiff St. Clair points out, courts have reached different conclusions on whether § 1412 applies to proceedings that are merely "related to" a bankruptcy case. Compare *In re Bruno's, Inc.*, 227 B.R. 311, 322-23 (Bankr. N.D. Ala. 1998) (applying § 1412), with *Goldberg Holding Corp. v. NEP Prods., Inc.*, 93 B.R. 33, 34-35 (S.D.N.Y. 1988) (applying general transfer statute 28 U.S.C. § 1404(a)). But neither decision is binding on this Court. Courts within the Ninth Circuit have also recognized disagreement, and some have applied § 1412 to proceedings related to bankruptcy cases. *See, e.g.*, *Jackson v. Fenway Partners, LLC*, No. C 13-00005 JSW, 2013 WL 1411223, at *3 (N.D. Cal. Apr. 8, 2013) (identifying cases where courts have applied § 1412 or § 1404 to cases related to bankruptcy proceedings); *Hightman*, 2019 WL 3780272, at *4-5. The Court is persuaded by the decisions applying § 1412 and applies it to the transfer motion here.

In determining whether transfer serves the interest of justice, courts consider factors including the efficient administration of the bankruptcy estate, judicial economy, whether the parties will receive a fair trial, the parties' willingness and ability to participate, the plaintiff's choice of forum, the enforceability of any judgment, and the respective forums' interests in resolving the controversy. *See Hightman*, 2019 WL 3780272, at *4.

ANALYSIS

The Tabhi Defendants contend transfer is warranted because Plaintiff St. Clair's claims require interpretation of the Sale Order and challenge findings made in connection with the Bankruptcy Sale. ECF No. 9 at 8-11. They emphasize the Bankruptcy Court retained jurisdiction to interpret and enforce the Sale Order and represent they separately moved in that court to enforce the Sale Order against Plaintiff St. Clair. *Id.* at 10-11. Plaintiff St. Clair responds the Chapter 11 cases were dismissed in June 2025, this Court is capable of applying the Sale Order, and her choice of a Washington forum and the underlying employment dispute weigh against transfer. ECF No. 10 at 5-9. In reply, the Tabhi Defendants argue the Bankruptcy Court is best positioned to resolve the issues concerning the Sale Order and Bankruptcy Sale and transfer would avoid duplicative proceedings and inconsistent rulings. ECF No. 11 at 2-4.

On balance, the interests of justice factors favor transfer. Although the Chapter 11 cases have been dismissed, Plaintiff St. Clair's claims against the Tabhi Defendants directly implicate the Bankruptcy Sale and the Sale Order. The Bankruptcy Court expressly retained jurisdiction to interpret, implement, and enforce that Order. ECF No. 8-1 at 39. The Tabhi Defendants also represent they have asked that court to enforce the Sale Order against Plaintiff St. Clair. Resolving those overlapping issues in the same forum promotes judicial economy

and reduces the risk of inconsistent rulings. *See Hightman*, 2019 WL 3780272, at *4-5 (transferring claims where their viability depended on the effect of a bankruptcy sale order and the issuing bankruptcy court was best positioned to interpret and enforce that order).

As to the remaining factors, Plaintiff St. Clair's choice of a Washington forum and Washington's connection to the underlying employment dispute favor retention, while Delaware's substantial interest in resolving issues concerning the effect of the Bankruptcy Sale and Sale Order favors transfer.

As to convenience, Plaintiff St. Clair does not argue Washington is more convenient than Delaware, and the Tabhi Defendants do not argue Delaware is more convenient than Washington. *See* ECF No. 10 at 8-9; ECF No. 9 at 8-11. Nor does the record suggest that either forum would impair the parties' ability to participate or receive a fair adjudication, or that transfer would affect the enforceability of any judgment. *See* ECF No. 10 at 8-9. Those considerations are therefore neutral.

Plaintiff St. Clair also argues the Sale Order may not be enforceable against her because she did not receive constitutionally adequate notice of the bankruptcy proceedings. ECF No. 10 at 6-8. That dispute does not weigh against transfer. Plaintiff St. Clair's notice argument concerns whether the Sale Order may be enforced against her, an issue the Tabhi Defendants represent is also presented by

their Delaware enforcement motion. *See* ECF No. 11 at 3. The Court therefore need not resolve the notice issue, or permit related discovery, before determining whether transfer is appropriate.

Plaintiff St. Clair also asks the Court to preserve her jury and adjudication-consent rights if transfer is ordered. ECF No. 10 at 9; ECF No. 14-1 at 7-8. She does not contend those rights bar transfer to another district court, but states she does not consent to a bankruptcy judge conducting a jury trial and asks the Court not to decide the removed claims' ultimate classification or the Bankruptcy Court's authority over particular issues on this motion. ECF No. 14-1 at 7-8. The Court agrees those issues need not be resolved here. Transfer to the United States District Court for the District of Delaware does not itself determine whether the claims will be referred to the Bankruptcy Court or the manner in which they will ultimately be adjudicated.

Plaintiff St. Clair alternatively asks the Court to defer ruling on transfer for up to thirty days, hold the motion to dismiss in abeyance, and require the parties to provide additional information concerning the scope, status, and overlap of the Delaware enforcement proceeding. ECF No. 10 at 10-11; ECF No. 14-1 at 4-5. The Court declines that request. The present record sufficiently establishes the relationship between Plaintiff St. Clair's claims, the Sale Order, and the Delaware

enforcement proceeding. Additional information concerning the status of that proceeding is not necessary to determine that transfer serves the interest of justice.

The Court therefore concludes the interest of justice favors transfer of the removed claims against the Tabhi Defendants to the United States District Court for the District of Delaware under 28 U.S.C. § 1412.

**Accordingly, IT IS ORDERED:**

1. Tabhi Defendants' Motion to Transfer Venue, **ECF No. 9**, is **GRANTED**. This case shall be **TRANSFERRED** to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1412.
2. Defendants' Motion for Extension of Time to File Answer, **ECF No. 5**, is **DENIED AS MOOT**.
3. Defendants' Motion to Dismiss for Failure to State a Claim, **ECF No. 8**, is **DENIED AS MOOT**.

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order and provide copies to counsel. The District Court Executive is also directed to take all necessary steps to effectuate the transfer and to **CLOSE** this file.

DATED October 26, 2026.



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE